# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MURUGA, LLC. ET AL.,

    Plaintiff,

vs.                                                                                         Civ. No. 16-340 JAP/KBM

CITY OF RIO RANCHO, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 26, 2019, Plaintiffs Muruga, LLC and Dr. Senthil Ramasamy, M.D. ("Plaintiffs") filed a MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 57) ("Motion"). Plaintiffs seek enforcement of their May 18, 2017, Settlement Agreement and Release of All Claims ("SARAC"). *See id.*, Ex. 1. Defendants City of Rio Rancho and Mayor Greggory D. Hull ("Defendants") argue that the Court no longer has jurisdiction to hear this case. *See* DEFENDANTS' RESPONSE IN OPPOSITION TO THE MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 58) at 2. Having reviewed the briefing and controlling law, the Court will deny Plaintiffs' Motion for lack of subject matter jurisdiction.

### Background

On April 25, 2016, Plaintiffs sued Defendants for civil rights violations under 42 U.S.C. § 1981. *See* COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT FOR VIOLATION OF CIVIL RIGHTS (Doc. No. 1). Plaintiffs alleged that Defendants deprived them of due process and equal protection under the law in their handling of a building permit of an office building in Rio Rancho, New Mexico. *Id.* at 2–3. On May 11, 2017, United States Magistrate Judge Kirtan Khalsa held a settlement conference with the Plaintiffs and Defendants (collectively, "Parties"). *See* CLERK'S MINUTES REGARDING RULE 16 SETTLEMENT

CONFERENCE ("Settlement Minutes") (Doc. No. 51). At this conference, Parties settled the case and agreed that "[t]he parties may, if necessary, seek leave to reopen this case within six months and twenty days of today's date for the sole and limited purpose of enforcing that part of the settlement agreement to be satisfied within six months and ten days." *Id*. On May 18, 2017, Plaintiffs signed the SARAC. *See* Motion, Ex. 1. On May 24, 2017, Parties dismissed this case with prejudice by stipulation under Federal Rule of Civil Procedure ("Rule") 41(a)(1)(ii).[1] Two years later, Plaintiffs filed their Motion, asserting that Defendants have not complied with the terms of the settlement agreement. *See* Motion at 2–3.

**Motion to Enforce Settlement Agreement**

Plaintiffs seek "a Court Order enforcing the SARAC, to monetarily sanction the City of Rio Rancho for its unlawful conduct in amount significant enough to send the appropriate message, and for reimbursement of their attorney's fees in having to bring this enforcement action." Motion at 4. Plaintiffs argue that the Court is duty-bound under New Mexico law to enforce the settlement agreement. *See id.* (citing *Envtl. Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, ¶ 19, 131 N.M. 450, 38 P.3d 891). While the Court does not disagree that New Mexico courts have such a duty, as courts of limited jurisdiction, federal district courts do not share in this duty. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* or upon party suggestion. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). Defendants assert that the Court lacks

---

[1] *See* STIPULATION OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS AGAINST DEFENDANT GREGGORY D. HULL (Doc. No. 53); STIPULATION OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS AGAINST DEFENDANT CITY OF RIO RANCHO AND CLOSING SUIT ON COURT'S DOCKET (Doc. No. 54).

jurisdiction to enforce the SARAC because Plaintiffs' claims sound in state contract law and there is no independent federal basis for the suit. *See* DEFENDANTS' RESPONSE IN OPPOSITION TO THE MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 58) at 2. The Court agrees. Parties dismissed this case under Rule. 41(a)(1)(ii). *See supra*, n. 1. Rule 41(a)(1)(ii):

> "provides for dismissal by filing a stipulation . . . signed by all parties who have appeared in the action, and causes that dismissal to be with prejudice if . . . the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." *Kokkonen*, 511 U.S. at 378.

"Enforcement of a settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.*

*Retained Jurisdiction*

Courts may retain jurisdiction to enforce settlement agreements by party stipulation under Rule (41)(a)(1)(ii), or by an order incorporating a settlement agreement that includes a retained-jurisdiction clause under Rule 41(a)(2). *Id*. at 381. Plaintiffs contend that the six-month timeframe to challenge the settlement evinces an intent by the Court to retain jurisdiction over the SARAC indefinitely. *See* REPLY TO RESPONSE [DOC 58] TO MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 59) at 5–6. Plaintiffs' argument fails for two reasons. First, the agreement of a six-month deadline to challenge the settlement preceded execution of the SARAC and was not incorporated into the terms of the SARAC. A court's "mere awareness and approval of the terms of the settlement agreement" does not suffice to incorporate the settlement agreement, let alone negotiation terms, into the dismissal. *See Kokkonen*, 511 U.S. at 381. Further, neither stipulated dismissal contains any reference to the six-month deadline or to the SARAC

itself. Under *Kokkonen*, the Court cannot exercise retained jurisdiction that was not reflected in either the ultimate settlement agreement or the stipulated dismissals.[2]

Second, even if the terms had been incorporated, the settlement agreement allowed an enforcement suit ten days after the time to comply with the SARAC terms. *See* Settlement Minutes ("The parties may, if necessary, seek leave to reopen this case within six months *and twenty days* of today's date for the sole and limited purpose of enforcing *that part of the settlement agreement to be satisfied within six months and ten days*.") (emphasis added). Plaintiffs had ten days after the six-month and ten-day compliance period to sue for non-compliance and failed to do so.

*Independent Federal Jurisdiction*

Plaintiffs alternatively argue that the Court has jurisdiction to enforce settlement agreements where "the rights of the litigants and the operative legal policies derive from a federal source." REPLY TO RESPONSE [DOC 58] TO MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 59) at 5. Plaintiffs cite *Snider v. Circle K Corp.*, 923 F.2d 1404 (10th Cir. 1991) in support of their argument. The plaintiff in *Snider* sought enforcement of an employment discrimination settlement agreement for claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.* ("Title VII") and requested a jury trial on the issue of breach of the settlement agreement. *Snider*, 923 F.2d at 1407. Despite the enforcement claim sounding in contract, the *Snider* Court reasoned that as a claim derivative of Title VII, where "rights of the litigants and the operative legal policies derive from a federal source[,]" federal common law applies. *Id*. The *Snider* Court concluded that the plaintiff was not entitled to a jury trial on the issue

---

[2] Plaintiffs cite to *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286 (3d Cir. 2016) to support their contention. In *Raab*, the district court ordered dismissal under Rule 41(a)(2) *before* parties' filed a stipulated dismissal. *Id* at 296. The *Raab* Court determined that jurisdiction existed because the dismissal order retained jurisdiction and took effect first, essentially mooting the stipulated dismissal which made no mention of retained jurisdiction. *Id*. The circumstances in *Raab* did not occur here, and thus, *Raab* is inapposite.

of breach under federal common law. *Id.* On the jurisdictional issue, the *Snider* Court simply reiterated that the Tenth Circuit had previously "affirmed a district court's award of damages for breach of a Title VII settlement agreement without discussing the jurisdictional issue." *Id.*

*Snider* stands for the proposition that federal common law guides the interpretation of breach of settlement claims under Title VII. *Id.*; *accord*, *Chavez v. New Mexico*, 397 F.3d 826, 830 (10th Cir. 2005). The Tenth Circuit has, however, limited the scope of *Snider* in the wake of the Supreme Court's *Kokkonen* opinion. *See Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). In *Morris*, the plaintiff sought post-dismissal enforcement of a Title VII settlement agreement. *Id.* at 1108. The district court determined it had jurisdiction under *Snider*. *Id.* at 1110. The Tenth Circuit reversed, concluding that because the settlement agreement did not retain federal jurisdiction, as *Kokkonen* required, the court would need an independent federal basis for jurisdiction. *Id.* at 1110–11. After finding no basis for diversity jurisdiction, the *Morris* Court turned to federal question jurisdiction, acknowledging that "federal jurisdiction can be found in state-law created causes of action if the right to relief turns on the construction of a federal law." *Morris*, 39 F.3d at 1111 (citing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199–200 (1921)). "Nevertheless, the 'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Morris*, 39 F.3d at 1111 (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). "A court examining whether a case turns on a question of federal law should focus on whether Congress evidenced an intent to provide a federal forum."[3] *Id.* The *Morris* Court determined that Congress did not intend

---

[3] Courts also look to factors such as whether it "appears from the [complaint] that the right to relief depends upon the construction or application of [federal law]", whether there is "not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum", and "if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts[.]" *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005).

5

to confer jurisdiction over breach of Title VII settlement agreements, only actions "brought under" Title VII. *Id.* at 1111–12 (citing *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1073 (5th Cir. 1994)).[4] Because the breach of the settlement agreement "was brought under state contract law, not Title VII[,]" the court had no independent federal jurisdiction. *Morris*, 39 F.3d at 1112.

*Morris* is instructive here. Because the stipulated dismissal did not retain federal jurisdiction, the burden remains with Plaintiffs to establish another reason why the Court has jurisdiction over their case. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]") (internal citations omitted). Plaintiffs have not alleged or proven diversity in this case. Plaintiffs' § 1981 arguments, however, could be fairly read as asserting federal question jurisdiction. Plaintiffs, however, have not shown how Congress evidenced an intent to provide a federal forum for review of § 1981 settlement agreements, as *Morris* requires.[5] Plaintiffs have not cited, nor is the Court aware of, any case law establishing an interpretation of § 1981 to include federal review of breach of settlement agreements, except where a plaintiff alleges the breach itself is due to racial discrimination. *See Vazquez v. Salomon Smith Barney Inc.*, No. 01 CIV. 2895 (JSM), 2003 WL 21242902, at *1 (S.D.N.Y. May 29, 2003) (reviewing the

---

[4] The *Langley* Court looked to whether "Congress has established an administrative structure evidencing its intent to provide a federal forum for private parties to enforce settlement agreements ending discrimination disputes after a lawsuit has been filed." *Langley*, 14 F.3d at 1073.

[5] 42 U.S.C. § 1981 states in pertinent part:
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The Supreme Court interpreted Section One of the Civil Rights Act of 1866 (codified as 42 U.S.C. § 1981) "to prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein including the right to purchase or lease property . . . ." *Runyon v. McCrary*, 427 U.S. 160, 170 (1976).

plaintiff's claim for breach of a settlement agreement where the plaintiff alleged that the breach was racially motivated).

Plaintiffs do not explicitly bring suit under § 1981 itself or allege any other federal basis for review. This claim could be resolved without resorting to construction or application of federal law, and it does it implicate any serious federal issue. *See Grable & Sons*, 545 U.S. at 313. Furthermore, maintaining the appropriate balance between state and federal jurisdiction commands restraint here. *Id.* at 314; *see also Morris*, 39 F.3d at 1112 ("Because contract actions are traditionally reserved for state courts to resolve, federalism concerns also militate against our exercise of jurisdiction here."). Under Plaintiffs' theory, the Court would have jurisdiction over *any* breach of settlement agreement stemming from an underlying federal question claim, contrary to *Kokkonen* and *Morris*. The Court rejects such a broad interpretation of its jurisdiction.

In sum, Parties have already dismissed this case, and the Court lacks authority to reopen it under these circumstances. Plaintiffs may properly resolve this issue in New Mexico state court. Because Plaintiffs fail to demonstrate the Court's jurisdiction to hear their breach of settlement agreement claim, the Motion will be denied.

IT IS THEREFORE ORDERED THAT Plaintiffs' MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 57) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE